UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PARKER COMPOUND BOWS, INC., Plaintiff, | : | CASE NO. 5:15-mc-00064 |
| vs. | : | OPINION & ORDER |
| HUNTER'S MANUFACTURING COMPANY INC., d/b/a TENPOINT CROSSBOW TECHNOLOGIES, Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Hunter's Manufacturing Company, d/b/a/ TenPoint Crossbow Technologies ("Tenpoint") and Plaintiff Parker Compound Bows' ("Parker") are engaged in a lengthy patent dispute in the Western District of Virginia.[1/] In the course of discovery, Plaintiff Parker has issued two Rule 45 subpoenas against attorneys John Skeriotis and Timothy Bennett.[2/] Both attorneys helped prosecute one of the patents in the underlying litigation.[3/] Skeriotis is also currently an attorney in the pending patent litigation.[4/] In issuing the subpoenas, Plaintiff Parker seeks to determine what, if anything, the attorneys knew at the time of prosecuting the patent about particular documents that allegedly constitute prior art.[5/]

Defendant TenPoint has moved in this Court to quash the third-party subpoena.[6/] Parker has opposed and has, in turn, moved to transfer TenPoint's motion to quash back to the Western District

---

[1/] *Parker Compound Bows, Inc. v. Hunter's Manufacturing Company, Inc. d/b/a TenPoint Crossbow Technologies*, No. 5:14-cv-00004-MFU-JCH (W.D. Va) [hereinafter *Western District of Virginia Litigation* ]

[2/] *Western District of Virginia Litigation*, Doc. 112, Doc. 113.

[3/] Doc. 1.

[4/] *Western District of Virginia Litigation,* Doc. 13.

[5/] Doc 12 at 9-10.

[6/] Doc. 1.

Case 5:15-mc-00025-MFU-JCH Document 13 Filed 11/19/15 Page 1 of 5 Pageid#: 376

of Virginia, where the rest of the litigation continues.[7] TenPoint has not yet responded to Parker's motion to transfer.

In light of the exceptional circumstances at hand, this Court acts *sua sponte*, and transfers the motion to quash back to the Western District of Virginia.

**I.**

Federal Rule of Civil Procedure 45(f) states that, "when the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."

Rule 45(f) was added to the Federal Rules of Civil Procedure in 2013. Few courts have had the opportunity to rule on its scope.[8]

However, the Advisory Committee notes add further detail. Transfer "may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."[9] However, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas."[10] Indeed, transfer is appropriate only if the exceptional circumstances "outweigh the interest of the nonparty served with the subpoena in obtaining local

[7] Doc. 12, Doc. 10.

[8] Prior to the Rule 45 amendments, other circuits had long held that district courts had the power to transfer Rule 45 motions back to the court in which the underlying action is pending. *See F.T.C. v. A+ Financial Center, LLC*, 2013 WL 6388539 (S.D.Ohio, Dec. 6, 2014) (gathering citations).

[9] Fed. R. Civ. Pro. 45, advisory committee's note (2013).

[10] *Id.*

resolution of the motion."[11]

In one of the few cases to expressly address what might constitute "exceptional circumstances," under Rule 45(f), the District Court in Washington, D.C. said that courts should look to "case complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation."[12]

**II.**

Defendant TenPoint's motion to quash exemplifies exceptional circumstances that warrant transfer back to the Western District of Virginia.

First, the case has been pending in the Western District of Virginia for more than a year. The Western District of Virginia has dealt with an array of discovery issues in this case already.[13] In doing so, that Court has developed an understanding of the factual predicates implicated in this motion to quash.

Second, the issuing court's expertise is particularly valuable here because this motion is complex, and raises a number of interlocking issues from the underlying litigation.

Parker wants to question TenPoint's patent prosecution attorneys as to their knowledge of documents that were disclosed as part of discovery in this same litigation. In the underlying litigation, Parker initially sued TenPoint, seeking a declaratory judgment that four of TenPoint's U.S. patents are invalid and not infringed.[14] Defendant TenPoint then counterclaimed for infringement

---

[11] *Id.*

[12] *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014).

[13] *See, e.g.*, *Western District of Virginia Litigation*, Doc. 103.

[14] Doc 1.



Case 5:15-mc-00025-MFU-JCH Document 13 Filed 11/19/15 Page 3 of 5 Pageid#: 378

of those same four patents.[15] During the pendency of the litigation, Defendant TenPoint prosecuted a fifth patent: U.S. Patent No. 8,736,595 ("the '595 Patent").[16] Parker has now added claims to the suit, asserting that the '595 patent is unenforceable because TenPoint improperly utilized "information that Parker provided to TenPoint *during litigation* of TenPoint's other related patents."[17] Documents disclosed earlier in the litigation and discussed at earlier depositions are at the heart of the present request.

Moreover, in moving to quash, TenPoint has repeatedly invoked Parker's earlier discovery practices. TenPoint's claims that Parker's discovery practices have been "vexatious" and "desperate."[18] TenPoint has even requested that this Court issue sanctions in light of Parker's "persistence in improper action despite warnings."[19] The issuing court is far better suited to assess these claims.

Lastly, the subpoenas at issue seek depositions from two attorneys, one of whom is also present counsel in the patent dispute. The parties agree that in reviewing a motion to quash a subpoena of opposing counsel, the Court must look to the *Shelton* rule: (a) no other means exist to obtain the information; (b) the information sought is relevant and nonprivileged; (c) the information is crucial to the preparation of the case.[20] More so than analysis of other motions to quash, the *Shelton* rule implicates broad knowledge of the underlying case that is better suited for the issuing court.

[15] *Western District of Virginia Litigation*, Doc. 24.
[16] Doc 1 at 9.
[17] *Id.* (emphasis in original).
[18] *Id.* at 3.
[19] *Id.* at 13-14.
[20] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

This Court does not take lightly the burdens of having to answer a subpoena before the issuing court, rather than a qualifying court of compliance under Rule 45. However, in this instance, the burden is minimal. One of the attorneys remains counsel in the Western District of Virginia suit. The other is partner of the same law firm, evidencing his ability to travel and appear before a court where his firm has active litigation.

The exceptional circumstances outweigh any burden imposed on the parties served with the subpoena. Under Rule 45(f), the Court **TRANSFERS** the motion to quash to the Western District of Virginia.

IT IS SO ORDERED

Dated: November 19, 2015

s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE